### THE BLACK DIAMOND.

### THE CHARLES McNEILL.

(Circuit Court of Appeals, Second Circuit. April 26, 1917.)

#### No. 244.

COLLISION ⊚⇒95(2)—MEETING TUGS—CHANGE OF COURSE.

　　A collision in East River between a schooner in tow of a tug passing down and a carfloat on the side of a meeting tug *held*, on conflicting evidence, due solely to the fault of the down-bound tug in changing course to starboard after a signal agreement to pass starboard to starboard.

　　[Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 200–202.]

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Eastern District of New York.

Suit in admiralty for collision by Freeman Hatfield against the steam tug Black Diamond, the Lehigh Valley Transportation Company, claimant, with the steam tug Charles McNeill, Charles McNeill, claimant, impleaded. Decree for libelant against the McNeill, and her claimant appeals. Affirmed.

The following is the opinion of Van Vechten Veeder, District Judge, in the court below:

This case arises out of a collision, on April 30, 1915, about noon, at a point 600 or 700 feet off the Whitehall Ferry slips, between the schooner Gypsum Queen, in tow of the tug Charles McNeill, proceeding down the East River, and a carfloat in tow on the starboard side of the tug Black Diamond, which had another carfloat on its port side, and was bound up the East River. The owner of the schooner libeled the Black Diamond, which brought in the Charles McNeill by petition.

The captains and crews of the two tugs differ as to whether they were in a position to pass starboard to starboard or port to port, as well as to what signals were given. The acceptance of either tug's claim involves the other in gross fault. The crews of the tugs differ radically. Each party is more or less supported by an imposing array of apparently disinterested witnesses, but the witnesses for neither side, agree upon details. It is obviously a case which calls for discrimination in judging the intelligence and veracity of witnesses. In both respects the witnesses for the Black Diamond were, as a whole, distinctly superior to the witnesses for the Charles McNeill. Moreover, several of the disinterested witnesses on behalf of the claimant viewed the collision from positions which gave them superior opportunities for observation. I was particularly impressed with the testimony of claimant's witnesses Matthew Murphy and George M. Bunce.

Of course, the actual relative positions and courses of the two tugs are practically decisive of the controversy as to whether they agreed to pass starboard to starboard or port to port. I find as facts established by a distinct preponderance of the credible testimony that, when the Black Diamond straightened up on her course, the two tugs and tows were in a position to pass starboard to starboard; that they exchanged two whistle signals for such passage; and that thereafter the Charles McNeill changed her course to starboard and attempted to cross the bow of the Black Diamond, thereby causing the collision. Evidently other signals were given after the two whistles passing agreement and before the collision, but the testimony concerning them is so conflicting that it is difficult to arrive at a satisfactory conclusion. The disinterested testimony tends to show that they were a mixture of signals in the nature of alarms when collision was imminent. However, it is clear that the change of course by the Charles McNeill was the proximate cause of collision, and was a fault which fixes her liability. This conclusion necessarily discredits the testimony of the captain of the Charles McNeill, which varied from his statement to the local inspectors, and places reliance upon the testimony of the captain of the Black Diamond, especially in so far as it is corroborated by the testimony of disinterested witnesses who were in a position to know the facts.

A decree in accordance herewith may be settled on notice.

G. V. A. McCloskey, of New York City, for appellant.

T. C. Jones, of New York City, for appellee.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

PER CURIAM. Decree affirmed, with interest and costs.